...to opposing counsel and to the judge. But you're claiming that... Certainly there'd be a waiver then. Yeah, that's right. But isn't that something that has to be decided on a case-by-case basis rather than a general basis? What kind of burden would it put on the practice of law to say, all right, once you've got a lawyer, you're going to log everything that goes back and forth between the client and the lawyer? Well, if the... excuse me, Your Honor, if the document or the thing falls within the legitimate discovery request, then the rules of civil procedure are clear that you have to log it. Really? I believe so, yes, Your Honor. If you're claiming privilege with regard to something, Rule 26 requires that you somehow state the basis of your withholding, the privilege or the work trial preparation materials, and then... so that a neutral arbiter, the judge, can determine whether it's appropriately done. Let me ask you, you say there's, you know, no position, no legal authority for the opposite position. Do you have any authority or have you ever known anybody to log every letter they put back and forth between their clients? I cannot say that I do, Your Honor. Yeah, because it would be... I mean, I suppose there's no authority for it because it seems to be a position so preposterous no one would ever raise it. I don't understand how you would function that way. Well, Your Honor, in this particular circumstance, the claim of this claim of privilege and this blanket privilege was made not with regard to these communications that were in fact contemporaneous with the advice, but rather communications about things that had occurred in the past. What you're saying is the judge was focused on a specific shifting excuse... Yes, Your Honor. ...and not making some general statement. Is that right? I don't read the sanctions order and opinion as creating any precedent whatsoever for the position that a log must be created for every matter, every piece of paper that's communicated by a client to a lawyer. I don't think that was the judge's intention. Again, I don't know for certain, but I don't read the opinion that way and I don't think it appropriately is read that way. Let me follow that up just a little bit because you're talking about... Is it your position that privilege logs must be provided with initial discovery responses? I mean... If there's a withholding of a... If there is some document or some piece of evidence that is going to be relied upon or may potentially be relied upon to support a claim or defense, Rule 26 says you have to produce it as a voluntary disclosure. If there is something that's there and you claim that it's privileged, which it would be, I think, difficult to say. You can't say that I'm going to have something that's privileged and I'm going to produce that thing that is privileged thereby waiving it. I would think that the log should be created if that very unusual circumstance occurred. Could you address something that we haven't asked you about up to now? And that's the fact that the parties agreed on the motion to vacate the sanctions order and the district court didn't do that. Comment on the court's independent ability to say, I'm not going to do that even if the parties have agreed. Well, Your Honor, first, I don't believe that's the case. The case is that the appellee's counsel agreed, pursuant to the settlement of the underlying case, that they would not oppose it. They didn't weigh in in favor of it, but they would not oppose it. But even if they had, this is a motion, this motion to vacate, it's all over the papers in the motion to vacate by the now appellants, that this was addressed at the discretion of the judge. I think it inappropriate for the parties to say that a judge can't do what a judge can do. Well, we agree with that. Then perhaps I should close there. Let me ask, I'm going to finish the thought with regard going up the line with regard to the attorneys. We talked about Stevens and Lee, we talked about Stradley-Ronan, what about Hangley? Hangley, Your Honor, was the matter that I just sort of, that I went through. There were these declarations that were submitted by Mr. Summers with regard to a position of his client, and he represented that these declarations showed that at least part of the class action was without merit. He therefore said, this is what I'm basing my claim or defense on, my defense on. Pursuant then to Rule 26a, he's got to produce those documents as a continuing duty to do so under 26e. He ended that argument. Then the next argument was that these are lay opinions by these declarants, and therefore you're not entitled to what they base their opinion on, a position unknown, at least to me as an evidence teacher, as one having anything to do with the law of evidence. Then he decides they're not lay witnesses, but expert witnesses, and entitled to the 26b protection of consulting experts, even though he had produced the declarations, so if in fact they were expert, everything they considered became discoverable. Then he comes up with his notion of everything's privileged, and then finally he goes ahead and produces the documents, when, according to the fact finding of the judge, it became apparent that the discovery master was going to do that. That conduct is, I think it was permissible for the judge to view that as, which was a 20-month enterprise, by the way, Your Honor, over 20 months this went on, that that was for the purposes of unnecessary delay, and to impose costs on the opponent. Certainly a permissible inference, and appropriate. I see my time has ended. And a couple more questions. Why were there, if that's the case, why were there not more motions to compel? Your Honor, there were not more motions to compel, I believe, because once the case got in the hands of the special discovery master, that things started to happen, that documents started to be exchanged, that this is a very talented and experienced discovery master, who was working with the parties to get the case put on. And so the parties basically put aside their objections and their motion practice for purposes of dealing with the special discovery master. They did, and it resulted in the discoveries that occurred. Wouldn't it have helped, this is a question I think Judge Amber asked before. Wouldn't it have helped to have her testify at the hearing, the nine-day hearing on the sanctions? It certainly would have helped, Your Honor, the appellants didn't call her. I mean, remember at this hearing, all but one of the witnesses was either an appellant, an appellant's employee, or an appellant's agent. You could have asked the judge to call her. Yes. In fact, that could have occurred. It did not, and it was not requested by either party. Okay. So to the extent that there was negligence there, there was plenty to go around. Thank you. Thank you, Your Honor. I once again want to thank you, because you have been in a very difficult position, and we appreciate that. Thank you, Your Honor. Thank you. Michael, how much rebuttal time does Ms. Matter have? Three. Three? Three. Three? Three. Okay, three. All right. Let me start with the Hangley documents, on the theory that lasted, or last out first in, I guess in this one. Lifetime. Yeah. There were declarations submitted. This is the supporting material, Your Honor. All of the files that reflect codes and down codes that is being testified about by Ms. Jerkowitz. It was all submitted at the same time as the declarations, and it was all presented to the district court. The material that Mr. Burkina was talking about that supports the declaration was before the court. What the fight's about is whether you have to look for everything that the declarant may have looked at. And that, on that issue, Rule 26 does seem to distinguish between people who are lay witnesses and people who are experts. And there was never, as in many cases here, never a decision on that. There was never a motion. There was never any guidance for the court. And the court, in its final opinion, did not consider whether the parties were substantially justified in making the objections. This objection, the possession of control objection, the general objections, it's just not there. And it needs to be, because it's the legal standard under which you need to review this kind of conduct. Maybe to some extent it's been asked, but what do you, let's assume we agree with you that there were certain hoops that should have been jumped through that were not, certain findings that should have been made that were not. What's the relief you're asking for? The relief we're asking for, Your Honor, is vacation of the opinion. And the fact that they had nine days to do it, it's not there. But then it would go back on remand to the judge, correct? Well, I would believe that you could reverse it. But certainly an alternative, Your Honor, would be to remand it. With respect to this particular issue, I think this judge has gotten himself so far into the situation that it would impact the unfair to the parties to remand it to the same person. So you're suggesting that by dint of Judge Gardner saying there was sanctional behavior here, he needs to be accused? No, I don't think so, Your Honor. Let me go back to the ex-party issue, which you were asking about before and thought was not a good argument. Let me remind you of how that arose. One, it wasn't something that was already prepared. It was something the plaintiffs prepared afterwards. They spent 16 hours on billable time preparing it. There's some dispute about that, right? I don't think so. It's all in their bills. I suppose we could assume that they're just lying to us. But in the documents they've submitted to us, they say this was something that was in existence and was given over. Now, I understand and read what you said. Well, it was... Okay, go ahead. You only have three minutes. I know. In addition to that, they submitted additional documents that were not part of the record. There was an excruciating process of getting record evidence right in this case. And then after defendants asked for the opportunity to file proposed findings and are denied, they call these folks up and say, come on in, send us your chart, the plaintiffs improve it, and they add 10 new documents. What nature of what kind of documents? Documents that go to the audit issues and certainly conclusions in the material that go directly to the question, for example, of how the meet and confers are done, evidence that is contrary to what was the evidence at trial. And with respect to the supervision issue that you've mentioned, I think you, Judge Sloboda, said the court had closely supervised this case. I think that's part of the difficulty here. In fact, the court had had, I believe, two meetings, one of which by telephone with counsel in advance of the class action. This is not a situation where, until the special discovery master came in, and I agree with Mr. Bocchino, she did move things, and that's why there's the additional production. This is not a situation involving close supervision. Thank you. Thank you very much. We will not only take the case under advisement, we will have the appellants produce a transcript of this argument, and the course will be, it's a non-reversible course, and you can divide up the course. But the one thing I'll ask, which I always do, is that before it's submitted to the court, the transcript being read by whoever spoke, so that it can be sure that it's accurate, as whoever's transcribing it will know the intricacies to which you have referred. Thank you. It was well argued, and we will take this matter under advisement.